Revised 01/06 WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

14 CV 6251 W

FORM TO BE USED IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

UNITED STATES DISTRICT COURT FILED MAY 15 2014 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

All material filed in this Court is now available via the INTERNET. See Pro Se Privacy Notice for further information.

## 1. CAPTION OF ACTION

**A. Full Name And Prisoner Number of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. MISAEL MONTALVO 131327
2. 

-VS-

**B. Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. COMMISSIONER OF CORRECTION F. LAMY
2. COMM. CORR. F. SULLIVAN
3. SHERIFF T. HOWARD
4. UNDER SHERIFF MARK WHIPPLEMAN
5. SUPER. T. DUNA
6. FIRST D.S. M. REARDON

* PLEASE SEE ATTACHED PAGE

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: MISAEL MONTALVO 131327

Present Place of Confinement & Address: ECHC 40 DELAWARE AV. BUFFALO NY 14202

Name and Prisoner Number of Plaintiff: 

Present Place of Confinement & Address: 

CAPTION

1. PLAINTIFF MONTALVO VS.

7. CHIEF HARRIS
8. CAPT. HARTMAN
9. SGT. USINSKI
10. SGT KOPPEL
11. SGT. DIMOND
12. SGT MCANDREW
13. SGT. JOHN DOE
14. DEP. SHERIFF JOHN DOE
15. DEP. SHERIFF BROWN
16. DEP. SHERIFF HARVEY
17. NURSE PRACTITIONER SHARON
18. NURSE PRACTITIONER JANET
19. COUNTY OF ERIE
20. KEEFE KIOSK ENTITY
21. THOMAS REUTER
22. THOMAS J. LOUGHREN

**DEFENDANT'S INFORMATION** **NOTE:** *To provide information about more defendants than there is room for here, use this form on another sheet of paper*

Name of Defendant: THOMAS J. LOUGHREN

(If applicable) Official Position of Defendant: COMMISSIONER

(If applicable) Defendant is Sued in X Individual and/or X Official Capacity

Address of Defendant: 80 S. SWAN ST. 12th FLOOR ALBANY NY 12210

(518) 485-2346

Name of Defendant: FREDERICK LAMY

(If applicable) Official Position of Defendant: COMMISSIONER

(If applicable) Defendant is Sued in X Individual and/or X Official Capacity

Address of Defendant: 80 S. SWAN ST. 12th FLOOR ALBANY NY 12210

Name of Defendant: FRANCIS SULLIVAN

(If applicable) Official Position of Defendant: COMMISSIONER

(If applicable) Defendant is Sued in X Individual and/or X Official Capacity

Address of Defendant: 80 S. SWAN ST. 12th FLOOR ALBANY NY 12210

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

**A.** Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action?**

Yes___ No ✓

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s): ___

   Defendant(s): ___

2. Court (if federal court, name the district; if state court, name the county): ___

3. Docket or Index Number: ___

4. Name of Judge to whom case was assigned: ___

5. The approximate date the action was filed: ____________________

6. What was the disposition of the case?

Is it still pending? Yes____ No____

If not, give the approximate date it was resolved. ____________________

Disposition (check the statements which apply):

____ Dismissed (check the box which indicates why it was dismissed):

____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

____ By court for failure to exhaust administrative remedies;

____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

____ By court due to your voluntary withdrawal of claim;

____ Judgment upon motion or after trial entered for

____ plaintiff

____ defendant.

**B.** Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

Yes____ No____

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

Plaintiff(s): ____________________

____________________

Defendant(s): ____________________

____________________

2. District Court: ____________________

3. Docket Number: ____________________

4. Name of District or Magistrate Judge to whom case was assigned: ____________________

____________________

5. The approximate date the action was filed: ____________________

6. What was the disposition of the case?

Is it still pending? Yes____ No____

If not, give the approximate date it was resolved. ____________________

Disposition (check the statements which apply):

____ Dismissed (check the box which indicates why it was dismissed):

____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

____ By court for failure to exhaust administrative remedies;

____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

____ By court due to your voluntary withdrawal of claim;

____ Judgment upon motion or after trial entered for

____ plaintiff

____ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include all possible claims.)

- Religion
- Free Speech
- Due Process
- Equal Protection
- Access to the Courts
- False Arrest
- Excessive Force
- Failure to Protect
- Search & Seizure
- Malicious Prosecution
- Denial of Medical Treatment
- Right to Counsel

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

## Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

**A. FIRST CLAIM:** On (date of the incident) PLEASE SEE ATTACHED PAGES.

defendant (give the **name and position held** of **each defendant** involved in this incident) ______

did the following to me (briefly state what each defendant named above did): ______

The constitutional basis for this claim under 42 U.S.C. § 1983 is: ______

The relief I am seeking for this claim is (briefly state the relief sought): ______

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? ✓ Yes ___ No If yes, what was the result? DENIED

Did you appeal that decision? ✓ Yes ___ No If yes, what was the result? DENIED

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: ______

**A. SECOND CLAIM:** On (date of the incident) PLEASE ATTACHED PAGES.

defendant (give the **name and position held** of **each defendant** involved in this incident) ______

did the following to me (briefly state what each defendant named above did): ____________

The constitutional basis for this claim under 42 U.S.C. § 1983 is: ____________

The relief I am seeking for this claim is (briefly state the relief sought): ____________

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? __X__ Yes ____ No If yes, what was the result? DENIED

Did you appeal that decision? __X__ Yes ____ No If yes, what was the result? DENIED

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: ____________

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

## 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

PLEASE SEE ATTACHED PAGES

Do you want a jury trial? Yes __X__ No ____

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on MAY 2, 2014
(date)

**NOTE:** ***Each*** *plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

x Michael Montalvo

Signature(s) of Plaintiff(s)

PRELIMINARY STATEMENT:

1. THIS IS A CIVIL ACTION SEEKING RELIEF AND/OR DAMAGES TO DEFEND AND PROTECT THE RIGHTS GUARANTEED BY THE CONSTITUTION OF THE UNITED STATES. THIS ACTION IS BROUGHT PURSUANT TO 42 U.S.C. § 1983. THE COURT HAS JURISDICTION OVER THE ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1343 (3) and (4), and 2201.

2. THE PLAINTIFF IS A CITIZEN OF THE UNITED STATES AND A RESIDENT OF NEW YORK STATE. THE PLAINTIFF, MISAEL MONTALVO, IS CURRENTLY INCARCERATED AT THE ERIE COUNTY HOLDING CENTER (ECHC). PLAINTIFF, MISAEL MONTALVO, IS A DISABLED PERSON WHO SINCE THE AGE OF FIFTEEN SUFFERS FROM DIABETES AND MUST RECIEVE MEDICAL TREATMENT FOR HIS DISABILITY ON A DAILY BASIS.

3. THE PLAINTIFF SEEKS TO FURTHER ENVOKE THE JURISDICTION OF THIS COURT PURSUANT TO 42 USCA 1983 TITLE II OF THE AMERICANS WITH DISABILITIES ACT, OF 1990, SUBSECTION 504 OF THE REHABILITATION ACT OF 1973, 42 USCA 12132, 42 USCA 12131, 29 USCA 794, 28 CFR, 35.105 AND FOR VIOLATIONS OF THE PLAINTIFFS RIGHTS UNDER THE UNITED STATES FIRST, EIGHTH AND

FOURTEENTH CONSTITUTIONAL AMENDMENTS.

4. THE GRAVEMENT OF THIS COMPLAINT IMMEDIATELY CONCERNS THE DISCRIMINATORY CUSTOM, POLICIES AND PRACTICES WHICH HAVE EXCLUDED THE PLAINTIFF FROM FULL PARTICIPATION IN THE KEEFE KIOSK COMMISSARY PROGRAM.

5. ECHC IS A PUBLIC ENTITY SUPERVISED AND MANAGED BY THE SHERIFFS OFFICE WHICH IS ALSO A PUBLIC ENTITY AND AS SUCH THE SHERIFFS OFFICE AND THE ECHC HAS CONTRACTED THE KEEFE KIOSK COMPANY WHICH IS A SEPARATE ENTITY TO MANAGE THE COMMISSARY PROGRAM WITHIN THE ECHC. WHEREFOR, THE SHERIFFS OFFICE, ECHC AND KEEFE KIOSK ENTITIES ARE MANDATED TO COMPLY WITH TITLE II OF THE ADA WHICH STATES, "PUBLIC ENTITY" SECTION, PROVIDES THAT "NO QUALIFIED INDIVIDUAL WITH A DISABILITY SHALL, BY REASON OF SUCH DISABILITY, BE EXCLUDED FROM PARTICIPATION IN OR BE DENIED THE BENEFITS OF THE SERVICES, PROGRAMS OR ACTIVITIES OF A PUBLIC ENTITY, OR BE SUBJECTED TO DISCRIMINATION BY ANY SUCH ENTITY"[669]. SECTION 504 OF THE REHABILITATION

ACT PROVIDES THAT "[N]O OTHERWISE QUALIFIED INDIVIDUAL WITH A DISABILITY IN THE UNITED STATES, ... SHALL, SOLELY BY REASON OF HER OR HIS DISABILITY, BE EXCLUDED FROM THE PARTICIPATION IN, BE DENIED THE BENEFITS OF, OR BE SUBJECTED TO DISCRIMINATION UNDER ANY PROGRAM OR ACTIVITY RECEIVING FEDERAL FINANCIAL ASSISTANCE OR UNDER ANY PROGRAM OR ACTIVITY CONDUCTED BY ANY EXECUTIVE AGENCY..." THIS MEANS THAT ANY AGENCY - INCLUDING A DEPARTMENT OF CORRECTIONS, SHERIFF'S OFFICE, ETC. — THAT RECEIVES ANY FEDERAL FUNDING IS COVERED BY THE REHABILITATION ACT FOR ALL OF ITS SERVICES, PROGRAMS AND ACTIVITIES. FEDERAL AGENCIES AND PRISONS ARE NOT SUBJECT TO THE APA, BUT THEY ARE SUBJECT TO THE REHABILITATION ACT. DEPARTMENT OF JUSTICE REGULATIONS PROMULGATED UNDER THE STATUTES ARE APPLICABLE TO PRISONS AND JAILS.

6. PLAINTIFF ALLEGES AMONG OTHER THINGS THAT THE DEFENDANTS COMMISSIONERS OF CORRECTIONS

FREDERICK LAMY AND FRANCIS SULLIVAN, SHERIFF HOWARD, UNDERSHERIFF MARK WHIPPERMAN ET. AL, ARE POLICY MAKERS FOR THE SHERIFF'S OFFICE, CORRECTIONAL FACILITIES, JAILS AND ECHC AND AS SUCH THESE DEFENDANTS HAVE CREATED POLICIES IN THE JAIL MANAGEMENT DIVISION INMATE HANDBOOK THAT DELIBERATELY AND INTENTIONALLY DISCRIMINATE AGAINST THE PLAINTIFF WHO IS A DISABLED PERSON THAT SUFFERS FROM DIABETES AND IS ALLEGEDLY PRESCRIBED A SPECIAL DIET. THE DEFENDANTS LAMY, SULLIVAN, HOWARD WHIPPERMAN ET. AL CREATED A POLICY OR CUSTOM UNDER WHICH UNCONSTITUTIONAL PRACTICES OCCURRED, OR ALLOWED THE CONTINUANCE OF SUCH A POLICY OR CUSTOM. THE DEFENDANTS WERE ALSO GROSSLY NEGLIGENT IN SUPERVISING SUBORDINATES WHO COMMITTED THE WRONGFUL ACTS. THE DEFENDANTS EXHIBITED DELIBERATE INDIFFERENCE TO THE RIGHTS OF INMATES BY FAILING TO ACT ON INFORMATION INDICATING THAT UNCONSTITUTIONAL ACTS WERE OCCURRING.

7. THE DEFENDANTS LAMY, SULLIVAN, HOWARD WHIPPERMAN, DINA ET. AL IMPLEMENTED AND ENFORCED A POLICY IN THE REVISED JAIL MANAGEMENT DIVISION INMATE HANDBOOK DATED JULY 2013 ON PAGE FOURTEEN "COMMISSARY ORERING LEVELS" WHICH STATES "INMATES WITH DIETARY RESTRICTIONS WILL NOT BE ALLOWED TO ORDER ANY FOOD ITEMS ON COMMISSARY." PLAINTIFF WHO IS A DIABETIC AND ON A FRAUDULANT SPECIAL DIET HAS BEEN DISCRIMINATED AGAINST BY A POLICY THAT IS UNCONSTITUTIONAL WHICH EXCLUDES THE PLAINTIFF FROM RECEIVING THE BENEFITS FROM FOOD ITEMS BEING SOLD IN THE KEEFE KIOSK COMMISSARY PROGRAM. THE DEFENDANTS LAMY, SULLIVAN, HOWARD WHIPPERMAN, DINA, KEEFE KIOSK ET. AL HAVE BEEN ARBITRARY ~~BIN~~ THEIR POLICY MAKING AND HAVE FAILED TO MAKE A SELF EVALUATION OF EXISTING POLICIES THAT DISCRIMINATE AGAINST QUALIFIED INDIVIDUALS WITH A KNOWN DISABILITY. THESE DEFENDANTS HAVE REFUSED TO MODIFY SUCH UNCONSTITUTIONAL POLICIES THAT

BLATANTLY DISCRIMINATE AGANST INMATES WHO SUFFER FROM DIABETES, AND MUST RELY ON AN ADEQUATE DIET MENU WHICH ALSO THE DEFENDANTS HAVE FAILED TO PROVIDE.

8. LAMY IS THE SUPERIOR OF SULLIVAN, SULLIVAN IS THE SUPERIOR OF HOWARD, HOWARD IS THE SUPERIOR OF WHIPPERMAN, WHIPPERMAN IS THE SUPERIOR OF DINA AND DINA IS CONTRACTED WITH KEEFE KIOSK WHICH HAVE ALL ACTED IN COLUSION TO DISCRIMINATE AGAINST THE PLAINTIFF BY EXCLUDING THE PLAINTIFF FROM PURCHASING NEARLY TWENTY SEVEN FOOD ITEMS IN COMMISSARY PROGRAM THAT ARE BENEFICIAL TO DIABETICS,

9. THE DEFENDANTS NURSE PRACTITIONER SHARON AND NURSE PRACTITIONER JANET HAVE SUBJECTED THE PLAINTIFF TO HAVE MEDICAL DELIBERATE INDIFFERENCE BECAUSE THE PLAINTIFF REQUIRES AN ADEQUATE DIET MENU TO STABILIZE HIS INSULIN LEVEL. HOWEVER, THE DEFENDANTS HAVE ALL

FAILED TO EMPLOY AN ADEQUATE DIETICIAN THAT WOULD IMPLEMENT A CONDUSIVE DIABETIC MENU, THE DEFENDANTS ARE ALL BEING SUED IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY.

10. THE DEFENDANTS LAMY, SULLIVAN ET. AL HAVE BEEN MALICIOUS IN THEIR OFFICIAL CAPACITY WHEN IMPLEMENTING POLICIES WHICH RECKLESSLY DISREGARD THE RIGHTS OF DISABELED PERSONS,

11. THE PLAINTIFF ASSERTS THAT THE DEFENDANTS HOWARD, WHIPPERMAN, DIINA, REARDON, CHIEF HARRIS, CAPT. HARTMAN, GRIEVANCE COORDINATOR SGT. McANDREW ET. AL HAVE ALL VIOLATED THE PLAINTIFFS FIRST CONSTITUTIONAL AMENDMENT BY DEPRIVING THE PLAINTIFF FROM EXERCISING HIS RIGHT TO GRIEVE AND STONEWALLING THE PLAINTIFF FROM EXERCISING HIS DUE PROCESS RIGHTS

12. THE DEFENDANTS LAMY, SULLIVAN, HOWARD, ~~REA~~ WHIPPERMAN, DIINA, REARDON, HARRIS CAPT. HARTMAN, SGT. MCANDREW ET. AL ALL HAVE A CUSTOM POLICY IN PRACTICE

OF RETALIATING AGAINST INMATES WHO PETITION THE GOVERNMENT FOR REDRESS BY PLACING SUCH INMATES ON TRANSFERS AND FABRICATING ERRONEOUS ALLEGATIONS THAT ARE WHOLLY UNCONSTITUTIONAL

13. THE DEFENDANTS LAMY, SULLIVAN, HOWARD WHIPPERMAN DIINA, REARDON, CAPT. HARTMAN SGT. MCANDREW, SGT. DIAMOND ET. AL HAVE ALL MALICIOUSLY AND SADISTICALLY ACTED WITH A CULPABLE STATE OF MIND TO DEPRIVE THE PLAINTIFF OF HIS RIGHTS UNDER THE UNITED STATES CONSTITUTION BY NOT PROVIDING THE PLAINTIFF WITH A SPANISH INTERPRETER WHICH PLAINTIFF DOES NOT SPEAK ENGLISH AND HAS BEEN SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT WHICH TANTAMOUNTS TO ATYPICAL AND SIGNIFICANT HARDSHIP.

STATEMENT OF FACTS

14. THE PLAINTIFF WHO IS A DISABLED PERSON AND SUFFERS FROM DIABETES WHICH SUCH TERM IS DEFINED UNDER S.S. (A) OF TITLE II OF THE ADA AS A QUALIFIED INDIVIDUAL WITH A KNOWN DISABILITY THE PLAINTIFF ON OR ABOUT NOV. 19 2011 WAS ARRESTED, TAKEN INTO CUSTODY AND DETAINED AT THE ECHC. THE PLAINTIFF IMMEDIATELY INFORMED JAIL OFFICIALS AND THE MEDICAL DEPARTMENT THAT HE DID NOT SPEAK ENGLISH AND NEEDED A SPANISH INTERPRETER. HOWEVER, SUCH REQUEST REMAN TO NO AVAIL.

15. IN LIEU OF PLAINTIFF BEING A DIABETIC, THE DEFENDANTS NURSE PRACTITIONER SHARON AND JANET, AS OF NOV. 19th 2011 up UNTIL THE CURRENT DATE OF MAY 1st 2014 HAS FAILED TO ENSURE THAT PLAINTIFF RECEIVED AN ADEQUATE DIABETIC DIET WHICH SUCH DELIBERATE INDIFFERENCE OF MEDICAL CARE HAS PLACED THE PLAINTIFF AT THREAT OF SUFFERING IRREPARABLE HARM.

16. ALTHOUGH PLAINTIFF HAS REPEATEDLY REQUESTED FOR THE NURSE PRACTITONER SHARON

TO PRESCRIBE AND ORDER FOR JAIL OFFICIALS TO PROVIDE PLAINTIFF WITH SNACKS DURING THE LONG PERIOD HOURS OF 4:30 PM UNTIL APPROXIMATELY 9: AM WHICH IS THE DURATION THAT PLAINTIFF IS LEFT WITHOUT EATING AND THE PLAINTIFFS SUGAR LEVEL HAS BOTTOMED OUT BUT THE DEFENDANT NURSE PRACTITIONER SHARON HAS STATED "NO WE DO NOT ISSUE PRISONERS SNACKS."

17. ON OR ABOUT FEB 16, 2013 PLAINTIFF WAS CHARGED WITH ERRONEOUS BEHAVIOR ALLEGATIONS. PLAINTIFF DUE PROCESS WAS VIOLATED BY THE HEARING OFFICER DEFENDANT JOHN DOE CONDUCTED THE HEARING IN A DISCRIMINATORY AND PREJUDICIAL MANNER THAT WAS BIAS TO THE PLAINTIFF. DEFENDANT HEARING OFFICER JOHN DOE WHILE CONDUCTING THE HEARING ON OR ABOUT FEB 20, 2013 DENIED THE PLAINTIFF THE RIGHT TO HAVE A SPANISH SPEAKING INTERPRETER, THE RIGHT TO TIER HEARING ASSISTANCE, THE RIGHT TO CALL WITNESSES, THE RIGHT TO CONDUCT LEGAL RESEARCH AND THE RIGHT TO A BILINGUAL INTERPRETOR

TO ASSIST PLAINTIFF WITH APPEAL PROCESS (SEE EXHIBIT A)

18. THE DEFENDANT SGT. USINSKI CONSPIRED WITH DEPUTY DEFENDANT JOHN DOE BY NOT AFFORDING THE PLAINTIFF WITH A WRITTEN DISCIPLINARY REPORT SO THAT THE PLAINTIFF CAN HAVE PROPER NOTICE OF HIS CHARGES, THE DEFENDANT HEARING OFFICER KOPPEL CONDUCTED THE HEARING IN A MALICIOUS AND ARBITRARY MANNER. DEFENDANT KOPPEL FAILED TO REMAIN AN IMPARTIAL FACT FINDER OF EVIDENCE AND ALSO PRECLUDED THE PLAINTIFF FROM THE RIGHT TO HAVE THE HEARING RECORDED.

19. THE DEFENDANT H.O. KOPPEL SENTENCED THE PLAINTIFF 180 DAYS SHU. WHICH SUCH SOLITARY CONFINEMENT TANTAMOUNTED TO CRUEL AND UNUSUAL PUNISHMENT AND ATYPICAL AND INSIGNIFICANT HARDSHIP BECAUSE PLAINTIFF COULD NOT SPEAK ENGLISH AND ACCESS TO LAW MATERIAL IN SPANISH WAS DENIED, ACCESS TO LAW LIBRARY DENIED. DUE TO NO TRANSLATOR PLAINTIFF WAS DENID THE RIGHT

TO CONDUCT LEGAL RESEARCH AND ACCESS TO COURTS FROM FEB 20 2013 TO JULY 26 2013. THE PLAINTIFF WHILE IN SOLITARY CONFINEMENT WAS SUBJECTED TO MEDICAL DELIBERATE INDIFFERENCE AS A DIABETIC BECAUSE HIS SUGAR LEVEL WOULD BOTTOM OUT AND HE HAD TO BE PROVIDED EMERGENCY MEDICAL ATTENTION ON NUMEROUS OCCASIONS. WHILE IN SHU. THE PLAINTIFF ON OR ABOUT APRIL 7 2013 NEARLY DIED WHILE IN SHU. IN THE EARLY AM HOURS CALLED FOR THE DEPUTY SHERIFF BECAUSE HIS SUGAR LEVEL HAD WENT TOO LOW. BUT THE DEPUTY SHERIFF NEVER ANSWERED. WHEN THE PLAINTIFF AWAKENED HE WAS BEING TREATED BY MEDICAL. (SEE EXHIBIT B)

20 DURING THE PERIOD OF NOV. 19 2011 UP UNTIL FEB 10 2013 PLAINTIFF WAS ALLOWED TO PURCHASE FOOD ITEMS FROM COMMISSARY PROGRAM. AS INMATES WERE SUBMITTING COMMISSARY PURCHASE ORDERS THROUGH COMMISSARY PAPER SHEETS,

HOWEVER, ON OR ABOUT FEB 13 2013, THE ECHC HAD INSTALLED THE KEEFE KIOSK TOUCH-SCREEN EQUIPMENT DEVICE. IT WAS THEN THE DEFENDANTS LAMY, SULLIVAN, HOWARD, WHIPPERMAN, DIINA, KEEFE KIOSK ET. AL ALONG WITH THE HEALTH DEPT. OF MEDICAL, DEFENDANTS NURSE PRACTITIONERS SHARON AND JANET ACTED IN COLUSION WITH IMPLEMENTING A DISCRIMINATORY POLICY THAT DISCRIMINATED AGAINST DIABETICS AND PRECLUDED THE PLAINTIFF FROM PURCHASING FOOD FROM COMMISSARY PROGRAM. (SEE EXHIBIT C)

21. ON OR ABOUT OCT. 6 2013, THE DEFENDANT DEPUTY SHERIFF BROWN RETALIATED AGAINST PLAINTIFF BECAUSE PLAINTIFF FILED GRIEVANCES AGAINST BROWN, ISSUED THE PLAINTIFF FABRICATED MISBEHAVIOR REPORTS. (SEE EXHIBIT D)

22. ON OR ABOUT APRIL 23 2014 THE PLAINTIFF WITH ASSISTANCE FROM A SPANISH SPEAKING INMATE FILED A

GRIEVANCE AGAINST E.C. SHERIFFS OFFICE, ECHC EMPLOYEES AND MEDICAL DEPT. EMPLOYEES FOR DISCRIMINATING AGAINST THE PLAINTIFF AND IMPLEMENTING POLICIES THAT DISCRIMINATED AGAINST THE PLAINTIFF THUS EXCLUDING PLAINTIFF FROM FULL PARTICIPATION IN THE KEEFE COMMISSARY PROGRAM.

23. THE DEFENDANT GRIEVANCE COORDINATOR SGT. MCANDREW DENIED PLAINTIFFS GRIEVANCE AND REFUSED TO PROCESS SUCH SAID GRIEVANCE ALLEGING THAT INMATES CANNOT GRIEVE MEDICAL OR SITUATIONS THAT INVOLVE THE MEDICAL DEPT. (SEE EXHIBIT E)

24. ON MAY 1st 2014 THE DEFENDANT SGT. McANDREW ON FOX SOUTH STATED TO THE PLAINTIFF "THE POLICY ON PG. 14 IS MEDICALS DOING, THE SHERIFF'S OFFICE CANNOT SUPERCEDE MEDICAL."

25. DEFENDANT LOUGHREN HAS A CUSTOM POLICY IN PRACTICE OF FAILING TO INVESTIGATE INMATES GRIEVANCES AND CONDUCTING INVESTIGATIONS, LOUGHREN FAILED TO BE IMPARTIAL. (SEE EXHIBIT F)

SUMMARY OF RELIEF SOUGHT

1. THE DEFENDANTS BE ORDERED BY THE COURT TO COMPENSATE PLAINTIFF IN THE AMOUNT OF ONE MILLION DOLLARS.

2. THE DEFENDANTS BE ORDERED BY THIS COURT TO PAY THE PLAINTIFF PUNITIVE DAMAGES IN THE AMOUNT OF TWO MILLION DOLLARS.

3. THE DEFENDANTS BE ORDERED TO PUT IN PLACE A SPANISH/BILINGUAL PROGRAM FOR INMATES WHO DO NOT SPEAK ENGLISH.

4. THE DEFENDANTS BE ORDERED BY THIS COURT TO RECORD ALL DISCIPLINARY HEARINGS AND TRANSCRIBE WRITTEN DISCIPLINARY NOTICES FROM ENGLISH TO SPANISH.

5. THE DEFENDANTS BE ORDERED BY THIS COURT TO PROVIDE TRANSLATION OF LEGAL MATERIALS, CASE LAW, LAW BOOKS AND TRANSLATION FROM ENGLISH TO SPANISH ON THE LEGAL RESEARCH PROGRAM THOMAS REUTER PREMISE FOUR.

6. THE DEFENDANTS BE ORDERED TO EMPLOY AN ADEQUATE DIETICIAN FOR DIABETIC MENUS.

7. THE DEFENDANTS BE ORDERED BY THIS COURT TO REFRAIN FROM DISCRIMINATING AGAINST THE PLAINTIFF AND ALLOW FULL PARTICIPATION AND RECEIPT OF BENEFITS IN ALL PROGRAMS, SERVICES AND ACTIVITIES WITHIN A PUBLIC ENTITY.

8. THE DEFENDANTS BE ORDERED BY THIS COURT TO TAKE SENSITIVITY TRAINING AND LEARN HOW TO ~~R~~ INTERACT WITH DISABLED PERSONS.

9. THE DEFENDANTS BE ORDERED BY THIS COURT TO IMPLEMENT AN ADEQUATE GRIEVANCE PROGRAM WHICH REMAINS IMPARTIAL AND PROCESSES ALL INMATES GRIEVANCES WITH A GRIEVANCE COMMITTEE PANEL.

10. THE DEFENDANTS BE ORDERED TO EMPLOY AN ADEQUATE DOCTOR THAT WILL NOT COMPROMISE HEALTH AND WELL BEING

OF INMATES

11. THAT DEFENDANTS BE ORDERED TO IMPLEMENT A SPANISH TRANSLATION OF THE KEEFE COMMISSARY RECIEPTS.



(EX A)

EX A

ERIE COUNTY SHERIFF'S OFFICE – JAIL MANAGEMENT DIVISION

# DISCIPLINARY REPORT

| Inmate Name | ICN# | H.U. # | Date of Report |
|---|---|---|---|
| MONTALVO MISAEL | 131327 | 28-3 | 2-16-13 |
| **Location of Offense** | **Date/Time of Offense** | **Incident #** | **Reporting Officer** |
| FOX NORTH | 2/16/13 1000 | | [illegible] |

| CHARGE# | OFFENSE | CLASS |
|---|---|---|
| 104-1A | CONTRABAND THAT BY DESIGN ENDANGERS SAFETY, SECURITY | A |
| 106-C | DISORDERLY CONDUCT, THREATENS SAFETY, SECURITY OR GOOD ORDER | B |
| 105-C | FALSE STATEMENTS, ANY VERBAL STATEMENT THAT'S FALSE | C |
| | | |
| | | |
| | | |

## NARRATIVE

ON THIS DATE FEBRUARY 16, 2013, AT APPROXIMATELY 1000 HRS ON FOX NORTH THIS DEP WAS COLLECTING RAZORS. INMATE 28-3 MONTALVO, MISAEL TURNED IN A RAZOR THAT LOOKED A LITTLE DIFFERENT. UPON FURTHER INVESTIGATION THIS DEP POPPED THE PLASTIC OFF AND FOUND THE RAZOR HAD BEEN REPLACED WITH A [illegible] [illegible] TO LOOK LIKE A RAZOR. THIS DEP THEN LOCKED DOWN THE UNIT AND NOTIFIED THE SGT. AFTER SGT [illegible] AND [illegible] [illegible] MONTALVO, MISAEL WAS SEARCHED ALONG WITH HIS ROOM AND PROPERTY [illegible] MONTALVO [illegible] HAVING [illegible] RAZOR AND [illegible] [illegible] [illegible]. AFTER FURTHER QUESTIONING, I/M MONTALVO [illegible] RAZOR AND THEN [illegible] [illegible] [illegible] [illegible] WAS RECOVERED AND [illegible] [illegible] [illegible]

Under penalty of perjury, I attest that the above
Statements are true to the best of my knowledge and belief

[signature] 1293 2-16-13

Signature of reporting Officer Badge # Date

| Inmate's Receipt | Waiver |
|---|---|
| I have been advised of my rights with regard to the disciplinary process and have been provided with a written copy of the disciplinary charges filed against me.<br><br>Inmate's signature Date<br><br>☐ Inmate refused to sign receipt ________ Witness signature | I understand that I am entitled to a minimum of 24 hours to prepare a defense, prior to any disciplinary proceeding. I voluntarily waive that right and request that my hearing be held at the next scheduled meeting of the Disciplinary Committee<br><br>[signature] 2-16-13<br>Inmate's Signature Date |

## SUPERVISOR'S REVIEW

This report meets the standards for disciplinary reports as established by the Jail Management Division of the Erie County Sheriff's Office.

☐ Forward to the Disciplinary Committee

Signature of Reviewing Supervisor Date

## NOTIFICATION OF INMATE'S RIGHTS

- You will be given an opportunity to be heard in your own behalf.
- You will be provided with a minimum of 24 hours in which you may prepare a defense and present it to the Disciplinary Committee. You may submit a written statement, which will be maintained as part of the record. You may request that witnesses be called to testify, or to submit written statements on your behalf.
- You will receive written notice of the decision of the Disciplinary Committee.
- You may appeal the decision of the Disciplinary Committee, in writing within 2 business days, to the Chief of Operations.
- If you refuse to attend your Disciplinary Hearing, the hearing will be held without you being present. Your refusal to attend may result in the forfeiture of your right to appeal the Committee's decision. (Watson V. Coughlin 517 N.Y.S.2d 620 [A.D. 1987]

ECHC 18(11/01)


(EX B)

EX B

ERIE COUNTY HOLDING CENTER
# DISCIPLINARY HEARING RECORD

| Inmate Name | ICN# | Housing Unit / # | Date of Report |
|---|---|---|---|
| MONTALVO MISAEL | 131327 | FNDR 28-3 | 2-16-13 |

| Location of Offense | Date / Time of Offense | | Incident # | Reporting Officer |
|---|---|---|---|---|
| FOX NORTH | 2-16-13 | 1000 | | PRIZEL |

[X] Defendant Present at Hearing
[ ] Defendant Refused to Attend
x [signature]
(Inmate's Signature)

NOTES

| Charges | Class | Inmate's Plea | | Findings | |
|---|---|---|---|---|---|
| 104-1A | A | (G) | NG | (G) | NG |
| 106-B | B | G | (NG) | G | (NG) |
| 109-C | C | (G) | NG | (G) | NG |
| | | G | NG | G | NG |
| | | G | NG | G | NG |
| | | G | NG | G | NG |
| | | G | NG | G | NG |

INMATE'S STATEMENT:

I Admit that I took the Razor, I know that I was wrong. This the last Problem that you will Have from me.

| The finding of INNOCENCE / GUILT is based upon the following credible evidence presented at the hearing: | SANCTIONS IMPOSED: |
|---|---|
| [ ] Officer's direct observations. | [ ] Time Served |
| [ ] Inmate's statement(s). | [ ] Verbal reprimand |
| [ ] Review of INCIDENT REPORT J-28. | [ ] Probation: ____ days; ____ days KLNP if violated |
| [ ] Review of physical evidence. | [ ] Restitution: $ ____ payable from existing/future funds |
| [ ] Witness statement(s). | [✓] Loss of privilege(s): KL for 180 days |
| [ ] Other ____________ | [ ] Disciplinary Segregation: ____ days |
| | [ ] Recommend Admin. Action: ____________ |

Sanctions to run for a period of 180 days, From 2/16/13 to 8/14/13

You will be returned to general population on 8/14/13 at 6:30 p.m.

DISCIPLINARY COMMITTEE DAY: ________ DATE: ________ TIME: ________

[signature] Disciplinary Committee Signature | [signature] Disciplinary Committee Signature | Disciplinary Committee Signature



(EX C)

P.O. BOX 840100
KANSAS CITY, MO 64184-0[illegible]

NAME: MONTALVO MISAEL
NBR: 131327
BLOCK: ECHO TIER: G CELL: EA
SITE: ERIE CO CORRECTIONAL FACILITY G 27743J 001

ORDER DATE: 2/[illegible]
ORDER NBR: 60[illegible]
OPR NBR: [illegible]
BEG FUND BAL: [illegible]
PAGE: [illegible]

EXC

| ORDER QTY | SITE: ITEM# | KEEFE ITEM# | ITEM DESCRIPTION | ITEM PRICE | TOTAL PRICE |
|---|---|---|---|---|---|
| 1 | 0147 | 622336 | P-UP A/P DEO [illegible] DRIVE | [illegible] | [illegible] |
| 1 | 0398 | 28933 | DIAL TRANSLUCENT SOAP | [illegible] | 1.90 |
| 1 | 1060 | 38235 | 8.5 X 11 LET[illegible] PAD WHT | [illegible] | [illegible] |
| ~~1~~ | ~~1094~~ | ~~[illegible]~~ | ~~MINT [illegible]~~ | | |
| 10 | 2100 | 901445 | N/S SS ORANG[illegible] | .10 | 1.00 |

Secure Items

| ORDER QTY | SITE: ITEM# | KEEFE ITEM# | ITEM DESCRIPTION | ITEM PRICE | TOTAL PRICE |
|---|---|---|---|---|---|
| 5 | 1001 | 8983 | LARGE STAMPED ENVELOPE | .60 | 3.00 |

SUB-TOTAL 10.60

SALES TAX .67

ORDER TOTAL 11.27

FUND BALANCE 24.2[illegible]

LIST SHORTAGES AND/OR DAMAGES HERE:

ITEM# QUANTITY CATEGORY/DESCRIPTION

SIGNED Misael Montalvo DATE 2/20/13

WITNESSED BY DATE 2/22/13



(EX D)




# ERIE COUNTY SHERIFF'S OFFICE



## JAIL MANAGEMENT DIVISION

10/10/2013

**TO: Montalvo, Misael 12127** **FSO 81**

**RE: Grievance 13G-156**

Please read the decision of the Chief Administrative Officer

Please check that you have read his decision, Then;

Check;

I agree to accept the decision, or:

I wish to appeal to the Citizen's Policy and Complaint Review Council

Sign the form.

Then you must return the form within business two days by 10/14/2013 or the grievance will be closed.

Thank you,

Chief A. Harris

Chief Administrative Officer

EX P







**New York State Commission of Correction**

**Grievance Form Part I**

**Facility:** Erie County Sheriff's Office—Jail Management Div.
- ☐ Holding Center NY014023C 1403
- ☐ Correctional Facility NY014013C 1402
- ☐ Yankee Compound NY011043C 1410

**Housing Location :** 4x South #81

**Grievance #:** 136 - 156
*FACILITY ASSIGNS THIS NUMBER*

**Inmate's Name:** Montalvo Misael **ICN #:** 131387

**Brief Description of the Grievance** *(Completed by the Grievant)* : **Number of Additional Sheets Attached ( )**

We were told to lock in by Deputy Brown #1286 on Sept 29th for Noise the Pod was quiet Allnight, there is 50 People in our unit And never have A Problem until he works. He Refused me A grievance And Said if I want one he will Put me in the Box. He threatend the Pod And At one Point got into A inmates face with threats to Physically harm him. Browns verbal Abuse Brings tension to an Enviroment thats never had or caused A Serious Problem.

**Action Requested by the Grievance** *(Completed by the Grievant)* : **Number of Additional Sheets Attached ( )**

He should Be under Review for his temper towards inmates. Also the facility should have counceling for violent C.O's / Deputy's.

He should not Be Allowed to work in the Pods with All his Pursonal Problems.

Grievant Signature : [signature] Date/Time Submitted: Sept 30 2013

Receiving Staff Signature : [signature] 1293 Date/Time Submitted: 9/30/13 1538

**Summary of Facility Staff attempts to resolve** *(Attach Relevant Documentation)* : **Number of Additional Sheets Attached ( )**

Unable to resolve unit L/O due to excessive noise per SGT Balys @

☐ Language Barrier, List language________: Name of Interpreter and affiliation________

☐ Cognitive Disability Barrier, Low literacy. If box is checked, what steps were taken to assist grievant? (List above)

Officer/Supervisor Signature : [signature] 1393 Date/Time : 9/30/13

( ) **I agree to accept the informal resolution to my Grievance**

(X) **I do not agree to accept the informal resolution to my Grievance**

Grievant Signature : [signature] Date/Time Submitted: 9/30/13

**Forward to the Grievance Coodinator :** *Grievance must be forwarded to the Grievance Coordinator within 24 hours of submission*

Officer/Supervisor Signature : Sgt [signature] Date/Time : 9/30/13 2110

**Received by the Grievance Coodinator :**

Grievance Coordinator Signature : Sgt Franklin [signature] Date/Time : 10/1/13 @ 0700

EX D

ERIE COUNTY HOLDING CENTER

# DISCIPLINARY HEARING RECORD

| Inmate Name | ICN# | Houisng Unit / # | Date of Report |
|---|---|---|---|
| Montalvo Miseal | 131327 | B-SH 44 | 10/6/13 |

| Location of Offense | Date / Time of Offense | | Incident # | Reporting Officer |
|---|---|---|---|---|
| F. So Common Area | 10/6/13 | 2200 | | Brown |

[ ] Defendant Present at Hearing

[ ] Defendant Refused to Attend

X [signature]

(Inmate's Signature)

NOTES

| Charges | Class | Inmate's Plea G | Inmate's Plea NG | Findings G | Findings NG |
|---|---|---|---|---|---|
| 106-B | B | (G) | NG | (G) | NG |
| 107-J | C | G | (NG) | G | (NG) |
| 106-G | B | G | (NG) | G | (NG) |
| 107-I | C | (G) | NG | (G) | NG |
| | | G | NG | G | NG |
| | | G | NG | G | NG |
| | | G | NG | G | NG |

INMATE'S STATEMENT:

I DIDN'T LOCK IN BECAUSE THE DEP REFUSED TO NOTIFY THE SGT, AND I WANTED TO PLEAD MY CASE.

| The finding of INNOCENCE / GUILT is based upon the following credible evidence presented at the hearing: | SANCTIONS IMPOSED: |
|---|---|
| [✓] Officer's direct observations. | [ ] Time Served |
| [X] Inmate's statement(s). | [ ] Verbal reprimand |
| [ ] Review of INCIDENT REPORT J-28. | [✓] Probation: 10 days; 5 days KLNP if violated |
| [ ] Review of physical evidence. | [ ] Restitution: $ _____ payable from existing/future funds |
| [ ] Witness statement(s). | [ ] Loss of privilege(s): _____ for _____ days |
| [ ] Other _____ | [ ] Disciplinary Segregation: _____ days |
| | [ ] Recommend Admin. Action: _____ |

Sanctions to run for a period of 10 days, From 10/9/13 to 10/18/13.

You will be returned to general population on _____ at 6:30 p.m.

DISCIPLINARY COMMITTEE DAY: WED DATE: 10/9/13 TIME: 0600

[signature] Disciplinary Committee Signature

Disciplinary Committee Signature

[signature] Disciplinary Committee Signature

ECHC 19 (08/03)

EX D

**ERIE COUNTY SHERIFF'S OFFICE • JAIL MANAGEMENT DIVISION**

# DISCIPLINARY REPORT

| Inmate Name | ICN# | H.U. # | Date & Time of Report | |
|---|---|---|---|---|
| Montalvo Misael | 131387 | [illegible] South - 3I | 10-6-13 | |
| **Location of Offense** | **Date/Time of Offense** | **Incident #** | **In Date** | **Out Date** |
| [illegible] South - Common area | 10-6-13 approx [illegible] | | | |

| CHARGE# | OFFENSE | CLASS |
|---|---|---|
| 100-B | Disorderly Conduct - which results threatens safety security or good order of facility | B |
| 107-I | Failure to immediately obey and order from a staff member | C |
| 106-I | Making unreasonable noise | C |
| 106-G | Harassment / obscene language / gestures | B |
| | | |

## NARRATIVE

On above date approx time this deputy gave inmate Montalvo (131387) a direct order to stop talking very loud from the [illegible] 2nd floor to inmate 1st floor. This deputy gave 2 to 3 few direct orders before inmate comply. Inm Montalvo came running down stairs saying "Fuck that fuck you I want talk to a Sgt". The inmate came up to this deputy desk saying "Fuck you I'm writing Superintendent to get you fired". This deputy explain to inmate that he can't be on the 2nd floor talking to inmate on 1st floor due to he was too loud and making alot noise. Inmate pointed his finger at this deputy saying "Fuck you". This deputy gave inmate Montalvo a direct order to get away from deputy desk. Which inmate comply. No further incident at this time Sgt [illegible] End of Report DB

DB [illegible]

Under penalty of perjury, I attest that the above Statements are true to the best of my knowledge and belief: DB / D Brown, 1286, 10/6/13

Signature of reporting Officer — Badge # — Date

| Inmate's Receipt | Waiver |
|---|---|
| I have been advised of, and provided with a written copy of the disciplinary charges filed against me. | I understand that I am entitled to a minimum of 24 hours to prepare a defense, prior to any disciplinary proceeding. I voluntarily waive that right and request that my hearing be held at the next scheduled meeting of the Disciplinary Committee. |
| X Refused 10/6/13 — Inmate's Signature / Date | Inmate's Signature / Date |
| ☒ Inmate refused to sign receipt [illegible] — Signature of Employee & Title | Signature of Employee & Title |

## SUPERVISOR'S REVIEW

This report meets the standards for disciplinary reports as established by the Jail Management Division of the Erie County Sheriff's Office.

☒ Forward to the Disciplinary Committee

☐ File

Sgt [illegible] — Signature of Reviewing Supervisor — 10-7-13 Date

## NOTIFICATION OF INMATE'S RIGHTS

- You will be given an opportunity to be heard in your own behalf.
- You will be provided with a minimum of 24 hours in which you may prepare a defense and present it to the Disciplinary Committee. You may submit a written statement, which will be maintained as part of the record. You may request that witnesses be called to testify, or to submit written statements on your behalf.
- You will receive written notice of the decision of the Disciplinary Committee.
- You may appeal the decision of the Disciplinary Committee, in writing within two (2) business days, to the Superintendent or Designee.
- If any good time is revoked; on or about ten (10) days prior to your minimum outdate, you may apply to the Disciplinary Committee for restoration of lost good time.


(EX E)



# ERIE COUNTY SHERIFF'S OFFICE



## JAIL MANAGEMENT DIVISION

4/29/2014

**TO: Montalvo, Misael 131327** **F SO 81**

**RE: Grievance 14RG-164** **Date Grievance Submitted: 4/26/2014**

I have received and reviewed your Inmate Grievance dated 4/26/2014

Pursuant to 9NYCRR7032.4(h) Program Requirements:
Grievances regarding issues that are outside the authority of the chief administrative officer to control are not grievable and may be returned to the inmate by the grievance coordinator. Such grievances may not be appealed to the chief administrative officer or the Citizens' Policy and Complaint Review Council.

A Health Care Professional determines all medical actions related to your health care plan. This may include, but is not limited to: any treatments, diets, medications, medication dosages, decisions related to hospitalization and consultations to any outside health care professional. Medical related actions are outside the authority of the Chief Administrative Officer.

Therefore, this shall serve to inform you that your grievance dated 4/26/2014 cannot be processed and is being returned to you. This grievance may not be appealed to the Chief Administrative Officer or to the Citizens' Policy and Complaint Review Council.

Thank you.

Sgt. McAndrew

Grievance Coordinator

CC: Grievance File

RE: LACK OF Diabetic Commissary items.

EX E

New York State Commission of Correction

**Grievance Form Part I**

**Facility:** Erie County Sheriff's Office—Jail Management Div.
- X Holding Center NY014023C 1403
- ☐ Correctional Facility NY014013C 1402
- ☐ Yankee Compound NY011043C 1410

**Housing Location:** Fox South

**Grievance #:** 1426-164
FACILITY ASSIGNS THIS NUMBER

**Inmate's Name:** Misael Montalvo

**ICN #:** 131327

**Brief Description of the Grievance (Completed by the Grievant):** Number of Additional Sheets Attached (4)

INMATE STATES SEE 4 PGS OF STATEMENT OF FACTS ATTACHED

**Action Requested by the Grievance (Completed by the Grievant):** Number of Additional Sheets Attached ( )

1. I AM REQUESTING TO BE ALLOWED TO PURCHASE COMMISSARY FOOD ITEMS
2. I AM REQUESTING THAT ECHC OFFICIALS REFRAIN FROM COMMITTING ANY FURTHER DISCRIMINATION AGAINST ME

**Grievant Signature:** Misael Montalvo **Date/Time Submitted:** 4-26-14

**Receiving Staff Signature:** V. C[illegible] 1302 **Date/Time Submitted:** 4/26/14 1340hrs.

**Summary of Facility Staff attempts to resolve (Attach Relevant Documentation):** Number of Additional Sheets Attached (4)

There is nothing This Deputy can Do Regarding commissary choices for Diabetics [illegible]

☐ Language Barrier, List language______: Name of Interpreter and affiliation______
☐ Cognitive Disability Barrier, Low literacy: If box is checked, what steps were taken to assist grievant? (List above)

**Officer/Supervisor Signature:** ______ **Date/Time:** ______

( ) I agree to accept the informal resolution to my Grievance

(→) I do not agree to accept the informal resolution to my Grievance

**Grievant Signature:** Misael Montalvo **Date/Time Submitted:** 4/26/14 4:14 PM

**Forward to the Grievance Coordinator:** *Grievances must be forwarded to the Grievance Coordinator within 24 hours of submission*

**Officer/Supervisor Signature:** [illegible] **Date/Time:** ______

**Received by the Grievance Coordinator:** [illegible]

**Grievance Coordinator Signature:** [illegible] D. McAnarney **Date/Time:** 4/28/14 [illegible]




MICHAEL MONTALVO
ECHC
40 DELAWARE AVE
BUFFALO NY 14202

GRIEVANCE COORDINATOR
ECHC
40 DELAWARE AVE.
BUFFALO NY 14202

APRIL 26 2014

1. WHEREAS ECHC IS A PUBLIC ENTITY WITH FIFTY OR MORE EMPLOYEES, AND AS SUCH, ECHC IS SUPPOSED TO COORDINATE IT'S EFFORTS TO COMPLY WITH TITLE II OF THE ADA AND SUBSECTION 504 OF THE REHABILITATION ACT.

2. THE FEDERAL DISABILITIES ACT STATES TITLE II OF THE PUBLIC ENTITY SECTION PROVIDES THAT, "NO QUALIFIED INDIVIDUAL WITH A DISABILITY BE EXCLUDED FROM PARTICIPATION IN OR BE DENIED THE BENEFITS OF THE SERVICES, PROGRAMS OR ACTIVITIES OF A PUBLIC ENTITY OR BE SUBJECTED TO DISCRIMINATION BY ANY SUCH ENTITY." SECTION 504 OF THE REHABILITATION ACT ROUSE v. PLANTIER 997 F SUPP 575-582 (D.N.J. 1998) (EVIDENCE THAT BY FAILING TO TREAT THEIR DIABETES, THE DEFENDANTS EXCLUDED PRISONERS FROM PARTICIPATION IN SOME PROGRAMS SUPPORTED

EX E

A CLAIM UNDER THE ADA) VACATED ON OTHER GROUNDS 182 F 3 1912 (3RD CIRCUIT 1998) BELTRAN v. HOLY FAMILY HEALTH PLUS 13 F. SUPP. 2ND 737, 746 (N.D I 11 1998) (INSULIN DEPENDANT DIABETES IN ITS UNTREATED FORM "MEETS ALL THE PRONGS" OF THE ADA'S DISABILITY DEFINITION) PROVIDES THAT NO OTHERWISE QUALIFIED INDIVIDUAL WITH A DISABILITY IN THE UNITED STATES SHALL SOLELY BY REASON OF HIS OR HER DISABILITY BE EXCLUDED FROM THE PARTICIPATION OR BE DENIED THE BENEFITS OF OR BE SUBJECTED TO DISCRIMINATION UNDER ANY PROGRAMS OR ACTIVITIES RECIEVING FEDERAL FINANCIAL ASSISTANCE OR UNDER ANY PROGRAM OR ACTIVITY CONDUCTED BY ANY EXECUTIVE AGENCY ... (ECHC D.O.C) THIS MEANS THAT ANY AGENCY INCLUDING THE D.O.C SHERIFFS OFFICE ETC. THAT RECIEVES ANY FEDERAL FUNDING IS COVERED BY THE REHABILITATION ACT FOR ALL OF ITS SERVICES PROGRAMS AND ACTIVITIES FEDERAL AGENCIES AND PRISONS ARE NOT SUBJECT TO THE ADA BUT THEY ARE SUBJECT TO THE REHABILITATION ACT. DEPARTMENT OF JUSTICE REGULATIONS UNLIGATED UNDER THE STATUTES ARE APPLICABLE TO ALL PRISONS AND JAILS

EX E

3. IN ADDITION, I AM QUALIFIED WITH A KNOWN DISABILITY (DIABETES) WITH SUCH TERMS IS DEFINED UNDER TITLE II OF THE ADA. I HAVE BEEN INCARCERATED AT ECHC AS OF NOV. 19, 2011 AND I HAVE BEEN PURCHASING COMMISSARY UP UNTIL FEB. 2013.

4. MOREOVER, SINCE THE KEEFE COMMISSARY ENTITY HAS TAKEN OVER THE COMMISSARY PROGRAM AT ECHC I HAVE BEEN DISCRIMINATED AGAINST AS A DISABLED PERSON AND DENIED THE BENEFITS OF THE COMMISSARY PROGRAM SUCH AS FOOD ITEMS.

5. WHEREFOR, THE JAIL MANAGEMENT DIVISION INMATE HANDBOOK PG 14 AND THE MEDICAL HEALTH DEPARTMENT WITHIN ECHC HAS IMPLEMENTED A POLICY THAT DIABETES CANNOT PURCHASE ANY FOOD ITEMS FROM COMMISSARY.

6. ALTHOUGH ECHC HAS FAILED TO PROVIDE DIABETICS WITH AN ADEQUATE DIET MENU, DIABETIC INMATES ARE BEING DISCRIMINATED AGAINST, LIMITED AND DENIED EQUAL PARTICIPATION IN THE COMMISSARY PROGRAM.




7 THE ADA REGULATES THAT COVERED ENTITIES MAKE A SELF EVALUATION OF EXISTING POLICIES THAT DISCRIMINATE AGAINST DISABLED PERSONS. A PUBLIC ENTITY MUST MODIFY THOSE POLICIES THAT LIMIT OR DENY DISABELED PERSONS FROM FULL PARTICIPATION IN THEIR PROGRAMS 28 C.F.A. 35 PART 105.

8. THEREFORE, ECHC OFFICIALS AND THE MEDICAL STAFF HAS RECKLESSLY DISREGARDED THE ADA AND REHABILITATION ACT FOR THE SOLE PURPOSE OF INFLICTING CUSTOMS, POLICIES, AND PRACTICES THAT DISCRIMINATINGLY INDIFFERENT TO DIABETIC INMATES.


(EX F)

 EX F



STATE OF NEW YORK • EXECUTIVE DEPARTMENT
**STATE COMMISSION OF CORRECTION**
Alfred E. Smith State Office Building
80 S. Swan Street, 12th Floor
Albany, New York 12210-8001
(518) 485-2346
FAX (518) 485-2467

CHAIRMAN
Thomas A. Beilein

COMMISSIONERS
Phyllis Harrison-Ross, M.D.
Thomas J. Loughren

March 18, 2014

Erie County Sheriff's Office
Sheriff Timothy Howard
10 Delaware Avenue
Buffalo, NY 14202

Re: Grievance # 13-LG-41576 - Facility # 13G-156 Misael Montalvo

Dear Sheriff Howard :

The Citizen's Policy and Complaint Review Council has reviewed the above-referenced grievance at its March 13, 2014 meeting and the Council voted to deny the grievance. The Council sustains the action taken by the facility administration.

Sincerely,

Thomas Lough

Thomas J. Loughren
Commissioner

cc: Grievance Coordinator
Misael Montalvo