UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MISAEL MONTALVO,

                                                                    DECISION & ORDER
                              Plaintiff,

                                                                    14-CV-6251W
              v.

COMM. OF CORRECTION F. LAMY, et al.,

                              Defendants.

_____


              On May 15, 2014, *pro se* plaintiff Misael Montalvo ("plaintiff" or "Montalvo")

commenced this action against the defendants pursuant to 42 U.S.C. § 1983 alleging

constitutional violations in connection with his incarceration at Erie County Holding Center.

(Docket # 1).  Currently pending before this Court are plaintiff's motions for appointment of

counsel.  (Docket ## 41, 47).

              Montalvo requests assistance of counsel principally because his "[first] language

is Spanish."  (Docket # 41).  Although he has filed his complaint and several motions seeking

appointment of counsel (Docket ## 1, 17, 28, 41, 47), Montalvo maintains that he received

assistance from other inmates in the facilities in which he has been housed to draft these

documents.  (Docket # 44-3 at ¶¶ 3, 5-6).  Indeed, a review of his submissions shows that his

filings appear to contain different handwritings.  (Docket ## 1, 28, 41, 43, 41, 44, 47).

              It is well-settled that there is no constitutional right to appointed counsel in civil

cases.  Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C.

§ 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22,

23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion.  *In re*

*Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether

or not to assign counsel include the following:

1.      Whether the indigent's claims seem likely to be of
        substance;

2.      Whether the indigent is able to investigate the crucial facts
        concerning his claim;

3.      Whether conflicting evidence implicating the need for
        cross-examination will be the major proof presented to the
        fact finder;

4.      Whether the legal issues involved are complex; and

5.      Whether there are any special reasons why appointment of
        counsel would be more likely to lead to a just
        determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802

F.2d 58 (2d Cir. 1986).

At the outset, the Court notes that several of Montalvo's claims have survived

defendants' pre-answer motion to dismiss.  (Docket # 33).  Moreover, with respect to Montalvo's

claim that he requires assistance due to his lack of proficiency in the English language, I note

that Montalvo has been provided a Spanish-speaking interpreter to translate court proceedings in

an ongoing federal criminal proceeding.  (*See* 11-CR-0366RJA, in particular Docket # 231).

Further, the record in this matter reveals that Montalvo has a language barrier that

is likely to impede his effective prosecution of this case.  This Court received a letter dated

February 3, 2016, which enclosed, among other filings, plaintiff's opposition to defendants'

motion to dismiss, dated January 25, 2016.  (Docket # 44-1).  According to the docket, the

deadline for Montalvo's opposition was September 1, 2015 (Docket # 29), and the district court

issued a decision and order granting in part and denying in part the motion to dismiss on

September 30, 2015 (Docket # 33).  Montalvo's belated submission of his opposition, well after

the deadline and well after the court had already ruled on the motion, certainly suggests the

possibility that Montalvo's language barrier impaired his ability to comprehend the meaning and

significance of the district court's decision and order on the motion to dismiss.  Additionally, this

Court conducted a conference with Montalvo on March 23, 2016, during which the services of

an interpreter were used to communicate with Montalvo.  (Docket # 46).  Finally, one of

Montalvo's claims in this action involves his assertion that he was denied due process because he

was not provided an interpreter during a prison disciplinary hearing.  (Docket ## 1, 33).

On this record, I find that Montalvo's language barrier is likely to impede

substantially his ability to effectively litigate this action and that the interests of justice will be

served by the appointment of counsel.  *See Vasquez v. Klie*, 2010 WL 3219300, *2 (S.D.N.Y.

2010) (appointing Spanish-speaking counsel where "[plaintiff's] ability to present his case is

limited in that he cannot speak English and has required the aid of a Spanish-language translator

throughout the prosecution of this action"); *Bonilla v. Future Sales, Inc.*, 378 F. Supp. 2d 170,

170 (E.D.N.Y. 2005) (appointing Spanish-speaking counsel "[b]ased on the *pro se* plaintiff's

great difficulty in reading, writing and understanding the English language"); *see also Valle v.

Gebler*, 2005 WL 589819, *1 (W.D.N.Y.) (noting that the court had previously appointed *pro

bono* counsel; "[a]lthough plaintiff's written submissions to the [c]ourt have been in

comprehensible English, another inmate submitted an affidavit indicating that he had assisted

plaintiff with his writing and legal research because plaintiff 'has no teachings in writing English

and has a complicated time reading or understand [sic] our American language'"), *reconsidered

on other grounds*, 2005 WL 3579059 (W.D.N.Y. 2005).  Accordingly, plaintiff's request for the

appointment of counsel **(Docket ## 41, 47)** is **GRANTED**.  The Court hereby directs the *Pro Se*

3

4

Clerk to identify a Spanish-speaking attorney who is willing to represent Montalvo with the

litigation of this matter and to advise this Court when *pro bono* counsel has been identified.

**IT IS SO ORDERED.**


                                           *s/Marian W. Payson*
                                           MARIAN W. PAYSON
                               United States Magistrate Judge

Dated:  Rochester, New York
        July 22, 2016